Filed 7/15/15  P. v. Carrillo CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ADAM VINCENT CARRILLO,<br><br>    Defendant and Appellant. | F069110<br><br>(Super. Ct. No. F13912021)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  David A. Gottlieb, Judge.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Gomes, Acting P. J., Detjen, J. and Franson, J.

Adam Vincent Carrillo pled no contest to felony attempting to dissuade a witness from prosecuting a crime and misdemeanor infliction of corporal injury on a cohabitant. Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 stating he failed to identify any arguable issues on appeal. By letter dated July 10, 2014, we invited Carrillo to identify any grounds he wished this court to address in this appeal. Carrillo did not respond to our letter.

Our independent review of the record did not discover any arguable issues in this case. Accordingly, we affirm the judgment.

### FACTUAL AND PROCEDURAL SUMMARY

The first amended complaint charged Carrillo with three felonies, two counts of inflicting corporal injury on a cohabitant (Pen. Code, § 273.5, subd. (a))[1] and one count of attempting to dissuade a witness from prosecuting a crime (§ 136.1, subd. (b)(2)). A plea agreement was reached wherein Carrillo agreed to plead no contest to one misdemeanor count of inflicting corporal injury on a cohabitant and to the felony count of dissuading a witness from prosecuting a crime. In exchange, the prosecution agreed to dismiss the remaining count and agreed to not seek a prison commitment.

Carrillo completed the "Felony Advisement, Waiver of Rights, and Plea Form." He thereby was informed of his trial rights, the consequences of the plea, including the fact the felony would be a strike conviction pursuant to section 667, subdivisions (b) through (i), and that he faced a maximum sentence of three years in prison. Carrillo also waived his trial rights in the plea form.

The trial court confirmed Carrillo (1) wanted to accept the plea agreement, (2) had had ample time to discuss the case with his attorney, and (3) initialed and signed the plea form. The trial court advised Carrillo (1) he faced possible deportation if he was not a

---

[1]All further statutory references are to the Penal Code unless otherwise stated.

2.

United States citizen, (2) this plea would constitute a violation of parole or probation if he was on parole or probation, (3) the maximum sentence he faced was three years, (4) the trial court would order restitution, and (5) the plea would constitute a strike conviction. Carrillo confirmed he understood each of these possible consequences to his plea. The trial court also confirmed Carrillo understood and waived his trial rights. Carrillo then pled no contest to the agreed-upon charges and he was sentenced pursuant to the terms of the plea agreement.

Carrillo filed a notice of appeal that included a request for a certificate of probable cause. The request does not identify any specific issues that deserve appellate review. Instead, the request states Carrillo intends to "raise sentencing issues." However, the request states Carrillo is unable to identify any issues without the assistance of appellate counsel.

Because Carrillo interpreted case law as requiring a certificate of probable cause to address at least some sentencing issues, "[Carrillo] requests that a certificate of probable cause be issued, in the event that the Court of Appeal construes any claims of sentencing error that his appellate counsel is able to identify as a challenge to the validity of [Carrillo's] plea that requires a certificate of probable cause. It is also possible that, once [Carrillo] has been provided an appellate attorney, that attorney might identify potential issues as to the effectiveness of the representation [Carrillo] received in entering his plea."

In other words, the request asked the trial court to issue a certificate of probable cause just in case an appellate attorney might be able to identify an arguable issue on appeal. Inexplicably, the trial court granted the request and issued a certificate of probable cause.

## DISCUSSION

As stated above, appellate counsel did not identify any arguable issues in this case. Our review of this clear and very brief record leaves us in agreement with appellate counsel.

Carrillo failed to identify any possible issue that was worthy of appellate review in his request. Nonetheless, the trial court granted the request. The trial court's decision appears to us to be contrary to section 1237.5.

Generally, section 1237.5 precludes an appeal from the judgment entered after a guilty plea unless the defendant applies for, and the trial court grants the defendant, a certificate of probable cause. Without a certificate of probable cause, the issues raised by the defendant are not reviewable. (*People v. Sem* (2014) 229 Cal.App.4th 1176, 1187.)

## DISPOSITION

The judgment is affirmed.